# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN O KALU, :
:
    **Plaintiff** :
: **CIVIL ACTION NO. 3:19-CV-1621**
    **v.** :
: **(Judge Caputo)**
MR. SPAULDING, WARDEN OF FCI- :
ALLENWOOD, *et al.*, :
:
    **Defendants** :

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Mr. Kalu's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 4). For the reasons set forth below, the motion will be denied.

## II. Background

Plaintiff Jose Kalu, a federal inmate incarcerated at the Victorville Federal Correctional Institution in Adelanto, California, proceeding *pro se* and *in forma pauperis,* brings the instant civil rights action, pursuant to 28 U.S.C. § 1331 alleging he was sexually assaulted and subject to retaliatory discipline when housed at FCI-Allenwood in 2016. Mr. Kalu alleges that Lt. Middernatch sexually assaulted him on three separate occasions in the fall of 2016. After filing a Prison Rape Elimination Act (PREA) complaint with prison officials he was Disciplinary Hearing Officer Bittenbender subjected him to retaliatory

discipline when he refused to drop his PREA complaint against Lt. Middernatch. The disciplinary report was later expunged from Mr. Kalu's record. (ECF No. 1.)

**III. Standard of Review**

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its

determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

**IV.     Discussion**

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. The Court has recently screened Mr. Kalu's Complaint and directed the Clerk of Court to forward it to the Defendants. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.

To the extent that Mr. Kalu's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, Mr. Kalu's concerns over his limited skills as a first-time litigant need not concern him as he stands in the same shoes as many other *pro se* litigants who come before this Court. To date Mr. Kalu's communication with the Court have been clear, well organized, and smartly written. Given the Court's obligation to construe *pro se* filings by a more lenient standard than

those drafted by lawyers, *id* at 520, at this point there is no evidence that any prejudice will befall Mr. Kalu in the absence of court appointed counsel. Consequently, Mr. Kalu's request for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

**Date: September 24, 2019**          /s/ A. Richard Caputo
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**