## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KALU,                       :        CIVIL NO. 3:19-CV-1621
                                 :
    Plaintiff,                   :         (Judge Wilson)
                                 :
    v.                           :        (Magistrate Judge Carlson)
                                 :
                                 :
MR. SPAULDING, et al.,           :
                                 :
    Defendants                   :


## MEMORANDUM AND ORDER

This matter comes before the Court on a third request to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 58). The plaintiff seeks appointment counsel at a time when there is a motion to dismiss pending in this case. (Doc. 56). The plaintiff has not yet responded to this pleading.

While we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's

1

appointment of counsel is discretionary and must be made on a case-by-case basis.

Tabron, 6 F.3d at 157-58.  In Parham, the United States Court of Appeals outlined

the standards to be considered by courts when reviewing an application to appoint

counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must

first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we]
> should consider the following factors: (1) the plaintiff's ability to
> present his or her own case; (2) the complexity of the legal issues; (3)
> the degree to which factual investigation will be necessary and the
> ability of the plaintiff to pursue such investigation; (4) the amount a
> case is likely to turn on credibility determinations; (5) whether the case
> will require the testimony of expert witnesses; [and] (6) whether the
> plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457.   There is yet another practical consideration

which must be taken into account when considering motions for appointment of

counsel. As the United States Court of Appeals for the Third Circuit has aptly

observed:

> Finally, in addressing this issue, we must take note of the significant
> practical restraints on the district courts' ability to appoint counsel: the
> ever-growing number of prisoner civil rights actions filed each year in
> the federal courts; the lack of funding to pay appointed counsel; and the
> limited supply of competent lawyers who are willing to undertake such
> representation without compensation. We have no doubt that there are
> many cases in which district courts seek to appoint counsel but there is
> simply none willing to accept appointment. It is difficult to fault a
> district court that denies a request for appointment under such
> circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . ..  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the threshold factor we must examine: the arguable merits of the plaintiff's claims. In any event, the issues in this case appear to be discrete and well-known to the plaintiff. While we appreciate that the plaintiff reports a history of mental illness he has thus far shown the ability to litigate his claims. Further, the amount of investigation needed in this case seems minimal.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 58), at this time without prejudice to re-examining this issue at the

request of the plaintiff, or *sua sponte*, as this litigation progresses.

There is a motion to dismiss pending in this case, (Doc. 56) and the plaintiff has not timely responded to this motion. Accordingly, IT IS ORDERED that the plaintiff directed to respond to this defense motion on or before **March 21, 2022.** Pursuant to Local Rule 7.7 the movants may then file reply briefs on or before **April 4, 2022.** All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances.

The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and   provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply

with the [R]ule after a specific direction to comply from the court.' <u>Stackhouse v.</u> <u>Mazurkiewicz</u>, 951 F.2d 29, 30 (1991)." <u>Williams v. Lebanon Farms Disposal, Inc.</u>, No. 09-1704,   2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

SO ORDERED, this 1st day of March 2022.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge